**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4464**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ENNOS MORRIS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:06-cr-00096-IMK)

———————————

Submitted:  October 18, 2007          Decided:  October 23, 2007

———————————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————————

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant.  Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ennos Morris pled guilty to aiding and abetting in the distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (2000), 18 U.S.C. § 2 (2000). The district court sentenced Morris to 92 months' imprisonment, three years of supervised release, and ordered payment of a $100 statutory assessment.[1] Morris' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in overruling his objections to the presentence investigation report that his criminal history was overstated, and asserting that his sentence was unreasonable. Morris, pro se, joins his attorney in claiming that his objections to his presentence investigation report were valid, and that his sentence was unreasonable. He further challenges the validity of his partial waiver of his appeal rights, on the ground of ineffective assistance of counsel.

The Government has moved to dismiss the appeal, asserting that because Morris validly waived his right to appeal any sentence based on a base offense level of twenty-six or less in his plea

---

[1]The probation officer calculated an advisory sentencing guideline range for Morris of 92 to 115 months' imprisonment, founded on a base offense level of 26, from which he then deducted three levels for acceptance of responsibility, for a resultant total offense level of 23, and a criminal history category of VI.

- 2 -

agreement, we lack jurisdiction over the appeal. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Morris knowingly and voluntarily waived the right to appeal his sentence.[2] Moreover, the sentencing issues raised on appeal fall within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss the sentencing portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, we note that Morris did not waive his right to appeal his conviction. Thus the waiver does not preclude our review of any error in Morris' conviction that may be

---

[2]As there is no ineffective assistance of counsel found on the face of the record, we decline to consider Morris' claim on direct appeal. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

revealed by our review pursuant to <u>Anders</u>.  Our review of the transcript of the plea colloquy leads us to conclude that the district court fully complied with the mandates of Rule 11 in accepting Morris' guilty plea.  Thus, we deny, in part, the Government's motion to dismiss and affirm Morris' conviction.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver.  We therefore affirm Morris' conviction and dismiss the appeal of his sentence.  We further deny, as moot, the Government's motion for stay.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>